UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_Houston_ DIVISION

_Kenry James_ §
§
versus § CIVIL ACTION NO. _____
§
_City of Deer_ §
_Park_ §
§

## EMPLOYMENT DISCRIMINATION COMPLAINT

1. This action is brought under Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred by Title 42 United States Code, Section § 2000e-5.

2. The Plaintiff is: _Kenry James_

   Address: _14202 Springknoll Ln._
   _Rosharon, TX 77583_

   County of Residence: _Brazoria_

3. The defendant is: _City of Deer Park_

   Address: _710 San Augustine_
   _Deer Park, TX 77536_

☐ Check here if there are additional defendants. List them on a separate sheet of paper with their complete addresses.

4. The plaintiff has attached to this complaint a copy of the charges filed on _____ with the Equal Opportunity Commission.

5. On the date of _9/22/15_, the plaintiff received a Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission; a copy is attached.

6. Because of the plaintiff's:

    (a) ☐ race

    (b) ☐ color

    (c) ☐ sex

    (d) ☐ religion

    (e) ☐ national orgin,

    (f) Family medical Leave Act

the defendant has:

    (a) ☐ failed to employ the plaintiff

    (b) ☑ terminated the plaintiff's employment

    (c) ☐ failed to promote the plaintiff

    (d) ☐ other: _____

7. When and how the defendant has discriminated against the plaintiff:

A willfull violation occurred when City of Deer Park showed reckless disregard whether its conduct was prohibited. "14 COA.2d 85, 32. IN THIS CASE ACTION MAY BE BROUGHT WITHIN LAST THREE years of violation under 29 U.S.C.(a)(4). Last violation occured on 9-4-13, TERMINATION of Employment.

8. The plaintiff requests that the defendant be ordered:

    (a) ☑ to stop discriminating against the plaintiff

    (b) ☑ to employ the plaintiff

    (c) ☑ to re-employ the plaintiff

    (d) ☑ to promote the plaintiff

(e) ☐ to _____

_____

_____ and that;

(f) ☑ the Court grant other relief, including injunctions, damages, costs and attorney's fees.

*Kenny James*
(Signature of Plaintiff)

Address: 14202 Spring Knoll Ln.
Rosharon, TX 77583

Telephone: 281-972-9833

Appendix B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

Kerry James §
versus §
§ CIVIL ACTION NO. _____
City of Deer Park §
§
§
§

ORIGINAL COMPLAINT

Complainant Kerry James was wrongfully denied FMLA on 8-19-13. Complainant submitted a request for FMLA on 8/13/13. Bill PHILIBERT, FMLA Administrator, denial letter indicated FMLA 12 weeks benefits was depleted due to City's decision to run FMLA concurrent with Workman Comp claim. Bill Philibert failed to provide complainant notice within 5 business days when City acquired notice that an employee leave may be for FMLA qualifying reason and denial letter failed to provide a designated FMLA time period as required. Bill Philibert provided complainant FMLA designated time period on letter 6-25-14 or 1 year and 5 months from alleged FMLA assigned time period. Complainant received FMLA designated time period (10/29/12-1/25/13) after termination. Donna Todd, Finance Manager, email to Jay Stokes, City Manager, dated 8/9/13 indicated a decision to run FMLA concurrently with workman comp was not decided. Therefore, when complainant submitted a request to use FMLA on 8-13-13 Bill Philibert did not decide to run FMLA concurrent

with workers comp, during the alleged time period (10/29/12 - 1/25/13). Other evidence supports FMLA time period was not designated nor was FMLA depleted prior to complainant request to use FMLA. City of Deer Park in-code system records or City's official attendance records for employees do not indicate FMLA was used during the time period (10/29/12 - 1/25/13). In fact, no FMLA usage was recorded on official records nor any other type of City records. In addition, Donna Todd, Finance manager, created a spreadsheet and submitted it to EEOC in order to represent FMLA TIME/LEAVE AS OPPOSED TO USING CITY'S OFFICIAL IN-CODE System record. As opposed to using City's official records due to fact Todd knew the official records would prove FMLA TIME/LEAVE WAS NOT RECORDED OR USED DURING ALLEGED FMLA TIME PERIOD. According to City's OFFICIAL RECORDS AND complainant CHECK STUBS which does not indicate sick, vacation, comp or any other type of leave was used for FMLA benefits. The complainant checks indicate the City paid complainant 30% Workman comp and 70% City regular pay, not FMLA benefits or sick, vacation, comp or any other type of leave. THE COMPLAINANT RECEIVED Full 40 Hours A WEEK PAY DURING ALLEGED FMLA TIME PERIOD. EVIDENCE PROVE PHILIBERT, TODD, JEFFREY JOHNSON, Jay Stokes DENIED complainant FMLA REQUEST BASED ON FALSE ALLEGATION THAT FMLA WAS EXHAUSTED WHICH LEAD To complainant termination. City's termination letter dated 9-4-13 indicated no light duty assignment was available to meet restrictions as outlined by complainant doctor. Complainant needed FMLA benefit to receive treatment as

Doctor Jennifer Cardwell, M.D. prescribed on the FMLA Request dated 8/13/13. THE FMLA REQUEST WAS REQUESTED To treat the medical condition or back injury for City reported claim of no light duty assignment for back injury restrictions. City would have been prohibited from terminating complainant while on FMLA leave. Complainant requested FMLA benefit prior to termination and was eligible under FMLA Rule. City's denial of FMLA benefit lead to James termination which established a claim of willful acts under FMLA Statues. Court must order City to provide strict proof Complainant was notified 5 business days from date City knew complainant leave was eligible for FMLA Leave and City must provide proof that complainant was notified within 5 business days from date FMLA time period was designated. Court must order City to provide strict proof Complainant FMLA TIME/LEAVE WAS EXHAUSTED ON CITY'S OFFICIAL RECORDS DURING THE TIME PERIOD 10/29/12-1/25/13. Court must order City to provide strict proof FMLA time period was designated on 10/29/13-1/25/13 prior to the City's FMLA designation time period recorded on letter dated 6-25-14 which was 1 year and 5 months after complainant was terminated. MS. TODD email dated 8/9/13 indicated she needed to "ASK" BILL PHILIBERT ABOUT FMLA AND WORKERS COMP running concurrently which meant FMLA AND Workman Comp was not run concurrently as of 8/9/13 or 7 months later from the alleged FMLA time period. City has a pattern of practice to allow employees to use leave such as

Sick, vacation, comp etc, without designating leave as FMLA while employee is receiving workman comp. City records indicate its pattern of practice was administered during complainant workman comp time period or City did not use FMLA leave concurrent with FMLA workman comp. City paid complainant regular pay for 40 hours or 30% workman comp and 70% City regular pay weekly.